# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| EDWARD L. THARPE,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | Case No. 1:21-cv-01298-AKK-SGC |
| ) | |
| V. MORENO,    ) | |
| ) | |
| Respondent.    ) | |

## MEMORANDUM OPINION

On July 20, 2022, the magistrate judge entered a report recommending that the court dismiss Edward L. Tharpe's 28 U.S.C. § 2241 petition for a writ of habeas corpus. Doc. 10. On August 3, 2022,[1] Tharpe, proceeding *pro se*, filed an objection. Doc. 13.  The court considers the merits of that objection below.

The magistrate judge concluded that this court lacked jurisdiction to hear Tharpe's petition because his challenge to the imposition of his sentence must be brought in a § 2255 motion to vacate, not a § 2241 petition. Doc. 10 at 10-11; *see Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) (internal citation omitted) ("[A] § 2255 motion is the exclusive remedy for a federal

---

[1] Pursuant to the "prison mailbox rule," a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date executed. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Tharpe executed his objection on August 3, 2022. (Doc. 13 at 4). Therefore, while the docket sheet indicates the petition was filed on August 5, 2022, the petition is deemed filed on August 3, 2022.

prisoner to collaterally attack his conviction and sentence . . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence."). In his objection to the report and recommendation, Tharpe does not argue that this court does, in fact, have jurisdiction over his petition. Instead, he again argues that his conviction is invalid because the United States District Court for the Western District of Tennessee allegedly lacked jurisdiction over his underlying criminal case, in which he was charged with robbing a Regions Bank branch in Martin, Tennessee.[2] Doc. 13. Tharpe's challenge is based on information in his presentence report in which Bryan Clark, head of security for Regions in Memphis, Tennessee, verified Regions' loss and stated the bank was self-insured and not compensated by an insurance company for the robbery. *See* doc. 9 at 8. Tharpe believes this testimony proves Regions was not FDIC-insured. Doc. 13 at 2-3. According to Tharpe, this means the district court lacked jurisdiction over his criminal case because the statute under which he was convicted, 18 U.S.C. § 2113, defines a "bank" as "any institution the deposits of which are insured by" the FDIC. *Id.*

---

[2] Tharpe also claims he previously abandoned his arguments regarding his sentence enhancement in his December 21, 2021 filing; however, in that response, Tharpe conceded only to the Government's argument regarding his plea agreement. *See* docs. 9, 13.

2

Tharpe's objection relates solely to the merits of his underlying conviction and does not address whether this court has jurisdiction over his petition. This fact alone is fatal to Tharpe's petition and his objection because, as previously explained, a § 2241 petition may only be used to attack the execution of a sentence, not the validity of a conviction. *See Antonelli*, 542 F.3d at 1351 n.1. In addition, the magistrate judge already rejected Tharpe's FDIC-related argument on the merits, noting that § 2113 requires only that "'the deposits of [the robbed bank] are insured by' the FDIC, 18 U.S.C. § 2113(f); it does not require the respondent to plead or prove that the risks insured against include bank robbery, or even that the particular funds stolen constituted deposits." *Mahone v. United States*, No. CIVA 05-0405 WS, 2007 WL 604796, at *3 (S.D. Ala. Feb. 21, 2007); *see* doc. 10 at 10.

Tharpe also states he presented evidence that he never paid restitution but that prisoners are typically required to pay restitution. Doc. 13 at 3. Tharpe does not explain how this fact gives this court jurisdiction to entertain his § 2241 petition. Regardless, Tharpe was ordered to pay restitution jointly and severally with his co-defendants, *see* doc. 6-2 at 6, and in June 2014, the Government filed a notice that the restitution amount had been satisfied as to all three defendants, *see United States v. Tharpe*, No. 1:08-cr-10038 (W.D. Tenn. Mar. 17, 2008), ECF Nos. 147-49. This portion of Tharpe's objection therefore does not provide a basis for denying the magistrate judge's report and recommendation.

Accordingly, after careful consideration of the record in this case, the magistrate judge's report, and Tharpe's objection, the court **ADOPTS** the report and **ACCEPTS** the recommendation, doc. 10.  Consistent with that recommendation, the petition for writ of habeas corpus, doc. 1, is due to be dismissed without prejudice for lack of jurisdiction. To the extent Tharpe wishes to challenge his conviction and sentence on the merits, he must do so in a § 2255 petition. In addition, Tharpe's motion for immediate release, doc. 11, which rests on the same grounds as his objections to the magistrate judge's report and recommendation, is due to be denied. A separate order will be entered.

      **DONE** the 9th day of August, 2022.

                                               **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE